UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TADEO CZERWINSKI,

    Petitioner,                      Case No. 2:20-cv-10826

v.

                                        Paul D. Borman
REBECCA ADDUCCI, et al.        United States District Judge

    Respondent-Defendant.     /

**ORDER DENYING PETITIONER'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER (TRO)**

On March 30, 2020 Petitioner filed this application (ECF #2). On April 3, 2020, Respondent Rebecca Adducci filed a response in opposition (ECF #6). On April 14, 2020, Petitioner filed a reply (ECF #9). On April 16, 2020, Respondent filed a notice of supplemental authority (ECF #10).

Petitioner contends that he is a 65-year-old Argentinian national who came to the United States when he was 5 years old and is now subject to Federal Immigration and Customs Enforcement (ICE) detention since December 4, 2019 after release from State of Michigan supervision having served a 15-month sentence for both possession of controlled substance analogues and Operating a Motor Vehicle While Intoxicated -- 3rd Offense.

1

At a hearing on December 18, 2019, an Immigration Court Judge sustained the ICE charge of his removability, and denied Petitioner's request for a custody redetermination, finding him subject to mandatory detention.  Petitioner has applied for cancellation of removal, 8 U.S.C. §1229b(a); a hearing was set for March 26, 2020 but was rescheduled at Petitioner's request to April 22, 2020.

The government Response contends that Petitioner is not entitled to habeas corpus release on his conditions-of-confinement claim because his detention is not illegal.

Petitioner claims that he is illegally confined for this single reason:  "The core of the issue presented is the right to be released from detention under the Due Process Clause of the Fifth and Fourteenth Amendments due to his substantial risk of exposure to illness and death" because of the COVID-19 pandemic.  Petitioner's reply brief (ECF #9, p. 1).

Petitioner asserts a "deliberate indifference" Due Process claim because he is incarcerated in the Chippewa County jail during this pandemic and the jail conditions, and his age and medical condition, require granting the TRO and releasing him from custody.

Petitioner has not alleged that any detainees or staff at the Chippewa County jail have tested positive for the COVID-19 coronavirus.  An April 18, 2020 article

in The Detroit Free Press, p. 6a, listing Michigan ICE detainees that have tested positive for the coronavirus, lists three ICE detainee positives, all at the St. Clair County jail.

The Court finds no deliberate indifference by ICE detaining him in the Chippewa County jail where there are no COVID-19 positive individuals, and where there are significant hygienic measures in place for protection. While his age (65) is a COVID-19 consideration, his medical claims of alcoholism, cigarette addiction, high blood pressure, depression, anxiety, and mental disorder do not support a claim of a compromised immune system or increased susceptibility to the COVID-19 virus.

As to the four TRO factors the Court must consider, the Court notes that "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

The Court finds:

1. That clearly, he does not have a likelihood of success on the merits of his Due Process claim against his present detention at the Chippewa County jail.

2. That he will not suffer irreparable harm by continued detention there.

    3.    That the balance of harms or public interest do not weight heavily for emergency relief.

    4.    That granting the TRO could cause harm to the public interest in enforcing the United States' immigration laws.

Thus, the Court concludes that Petitioner does not satisfy the four-factor test to support his application for a TRO.

The Court notes that Defendant's criminal history includes a record of seven serious impaired driving convictions, and then his recent conviction for possession of drug analogues. While this history does not include acts of violence or firearm convictions, a recent Supreme Court decision, *Kansas v. Glover*, ___ U.S. _____, 2020, l8-556, April 6, 2020, slip op., pp. 4-5 states:

> Drivers with revoked licenses frequently continue to drive and therefore pose safety risks to other motorists and pedestrians…(approximately 19% of motor vehicle fatalities from 2008 to 2012 involved drivers with invalid licenses).

ICE has an interest in continuing the detention of removable aliens determined "to be a risk to the community or unlikely to comply with the order of removal" Title 8 U.S.C. §1231(a)(6). As U.S. District Judge David Lawson noted in a recent opinion concerning ICE detention:

> When striking the balance, between ICE's institutional need for continued detention and the petitioner's

4

> legitimate concern over an unreasonable risk of serious damage to their future health it is fair to require the petitioner to articulate something more than a generalized fear of exposure to disease in a detention facility. In the immigration context, Courts have released only those individuals who fell within the CDC's high-risk categories, were housed in detention facilities with confirmed cases, or both.

*Awshana, et al. v. Adducci, et al.*, 2020 WL 1808906, (E.D. MI), case no. 20-cv-10699, (ECF #19), pp. 26-27, April 9, 2020, Page IDs 624-625.

Petitioner has not met those requirements here.

Accordingly, the Court DENIES Petitioner's Application for a Temporary Restraining Order granting his release from custody in the Chippewa County jail.

IT IS SO ORDERED.

Dated:  April 20, 2020                                    s/Paul D. Borman
                                                                              Paul D. Borman
                                                                              United States District Judge